

## Leon County Clerk of Courts Secure Web Access

Hosted By The Leon County Clerk of Courts

| Navigation | Notes | Calendar | File Requests | Print | Help |

Print page

Full Case View ❓                                                    Previous Page

**37 2020 CA 000809 - SLATER, DWIGHT vs SOUTHERN POVERTY LAW CENTER INC**

### Parties with active Attorneys

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|
| | SOUTHERN POVERTY LAW CENTER INC , | DEFENDANT | PRO SE | ACTIVE |
| | SLATER, DWIGHT | PLAINTIFF | JAMES GARRITY | ACTIVE |
| | SLATER, DWIGHT | PLAINTIFF | MARIE A MATTOX | ACTIVE |

Click here for the service list

### Parties with inactive Attorneys

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|

Top of Page

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| OTHER DISCRIMINATION | OPEN | 4/27/2020 | | | DEMPSEY |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|

Top of Page

### Judges Appearing on Case

| Last Name | First Name | Date Assigned | Current Assigned Judge | Source |
|---|---|---|---|---|
| DEMPSEY | ANGELA | 4/27/2020 12:49:44 PM | Y | BM |

Top of Page

| VOR Statuses | Viewable on Request Documents | | ECertify Documents | ECertify Statuses |

There will be a $1.00/page charge for all document requests that must be scanned from paper. The icon -- Req$ -- reflects this charge. A requested docket code indicates that there is no image on file and the document may be in the paper case file.

**CLICK HERE TO VIEW ALL AVAILABLE IMAGES ON THIS CASE.**

DOCKET TABLE HEADERS ARE SORTABLE. CLICK FOR ASCENDING, AGAIN FOR DESCENDING ORDER
Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System
**Image Icon Definitions:**

📁 Available to all users

🕐 Awaiting Redaction: Temporarily available only to Attorney of Record and certain Agencies

📒 Confidential Document: Only available to Attorney of Record and certain Agencies

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Action Finalized Date | Source |
|---|---|---|---|---|---|---|---|---|
| 4/27/2020 | 1 | a002 | | JUDGE DEMPSEY, ANGELA C: ASSIGNED | | | | BM |
| 4/27/2020 | 2 | CCS 📁 | ☐ ‹‹-*Req $* | CIVIL COVER SHEET | | | | BM |
| 4/27/2020 | 3 | COMP_CA 📁 | ☐ ‹‹-*Req $* | COMPLAINT | | | | BM |

| Date | | | | | | Date/Time | |
|---|---|---|---|---|---|---|---|
| 4/27/2020 | 4 | SUIS | | ‹‹-*Req $* SUMMONS ISSUED | | 4/27/2020 1:08:31 PM | BM |
| 4/27/2020 | 5 | RECEIPT | | ‹‹-*Req $* PAYMENT $410.00 RECEIPT #1508610 | | | BM |
| 6/16/2020 | 6 | NOTO | | ‹‹-*Req $* NOTICE OF DISCLOSURE | | | BM |
| 6/16/2020 | 7 | NAPR | | ‹‹-*Req $* NOTICE OF APPEARANCE FILED | | | BM |
| 6/29/2020 | 8 | RETM | | ‹‹-*Req $* RETURNED MAIL | | | BM |
| 8/31/2020 | 9 | ROSE | | ‹‹-*Req $* RETURN OF SERVICE EXECUTED | | | BM |
| 8/31/2020 | 10 | NDOD | | ‹‹-*Req $* NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE | | | BM |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|---|---|---|---|---|---|---|

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

Top of Page

**Ar Plan**

| PaymentPlanID | Ordered Amt | Paid | Dismissed | Balance | Delinquent |
|---|---|---|---|---|---|

Top of Page

**Restitution**

**LastOrBusinessName Firstname RestitutionID RestitutionType RestitutionAmount AmountPaid AmountOutstanding**

Top of Page

Filing # 106709694 E-Filed 04/27/2020 09:00:08 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

Case No.:<u>2020 CA 000809</u>
Judge: _____

<u>DWIGHT SLATER</u>
Plaintiff
            vs.
<u>SOUTHERN POVERTY LAW CENTER INC</u>
Defendant

---

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>75,000</u>

**III.    TYPE OF CASE**      (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions
☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical

☐ Malpractice – other professional
☒ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☐ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☒ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

☐ County Civil
  ☐ Small Claims up to $8,000
  ☐ Civil
  ☐ Replevins
  ☐ Evictions
  ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
- ☒  Monetary;
- ☒  Non-monetary declaratory or injunctive relief;
- ☒  Punitive

**V.    NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>1</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:    <u>s/ Marie A Mattox</u>
              Attorney or party
FL Bar No.: <u>739685</u>
              (Bar number, if attorney)
              <u>Marie A Mattox</u>
              (Type or print name)
    Date:  <u>04/27/2020</u>

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**DWIGHT SLATER,**

      **Plaintiff,**

**v.**

**SOUTHERN POVERTY LAW CENTER, INC.**

      **Defendant.**

_____/

CASE NO.: 20-CA-  2020 CA 000809
FLA. BAR NO.: 0739685

## COMPLAINT

Plaintiff, DWIGHT SLATER, hereby sues Defendant, SOUTHERN POVERTY LAW

CENTER, INC. ("SPLC"), and alleges:

### NATURE OF THE ACTION

1.     This is a civil action seeking monetary damages, declaratory judgment, and legal,

equitable, and injunctive relief against Defendants.  This is an action brought under Chapter 760,

Florida Statutes and the common law of Florida.

2.     This is an action involving claims which are, individually, in excess of Fifteen

Thousand Dollars ($15,000.00), exclusive of costs and interest.

### CONDITIONS PRECEDENT

3.     Plaintiff has satisfied all conditions precedent to bringing this action in that

Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and

the Equal Employment Opportunity Commission ("EEOC"). This action is timely brought

thereafter.

1

## THE PARTIES

4.      At all times pertinent hereto, Plaintiff, DWIGHT SLATER, has been a resident of Leon County, Florida.  He is, thus, *sui juris*.  Plaintiff is a member of a protected class because of his race, actual or perceived disability, and because he was the victim of retaliation after reporting this discriminatory treatment.

5.      At all times pertinent hereto, Defendant, SPLC has been operating and existing under the laws of the State of Florida.  At all times alleged, Defendant was Plaintiff's employer.

## STATEMENT OF THE ULTIMATE FACTS

7.      Plaintiff, an African American male, began his employment with Defendant on February 5, 2018 and held the position of Senior Supervising Attorney.

8.      Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his race, actual or perceived disability, his record of impairment, and was retaliated against after reporting this discriminatory treatment.

9.      The mistreatment came at the hands of specifically, but not limited to, Deputy Legal Director Zoe Savitsky and Legal Director Rhonda Brownstein, both white females.

10.      When Plaintiff was hired, he was told he was hired to specifically build and manage the Florida Team for the Children's Right Group in Florida. He was the only attorney for the Children's Rights practice group in the Florida office and was told he was approved to hire three lawyers, two paralegals and a field director.

11.      For the first month of his employment all he was assigned to do was research projects and reading of case law and books he was given.  He was not allowed to hire any staff. Contrastingly, Christine Bischoff, a white, non-disabled Senior Supervising Attorney, was never required to do research and write memorandums like Plaintiff.

2

12. On March 25, 2018, while discussing an assignment with his supervisor, Savitsky, Plaintiff disclosed that he suffered from a serious medical condition and asked for patience while acclimating to the new position. Thereafter, Savitsky cancelled their regularly scheduled meeting on March 26, 2018.

13. On March 27, 2018, Savitsky met with Plaintiff in Tallahassee. During the meeting, Savisty's attitude and demeanor were changed. Savitsky was hostile, critical of Plaintiff's work product, and targeted him for failure and termination. Savitsky alleged that Plaintiff was struggling to keep up and questioned him about all the facets of the position, insinuating that he was ill-equipped to handle them.

14. Savitsky then demanded that Plaintiff request accommodations for his medical condition pursuant to the Americans with Disabilities Act ("ADA") even though Plaintiff explained he did not intend to trigger the ADA by disclosing his condition. Savitsky vehemently maintained that he triggered the ADA, was now required to request accommodations, and "patience" was not an accommodation.

15. In an effort to appease Savitsky, Plaintiff requested minor accommodations. Savitsky told Plaintiff she was unable to grant the accommodations and would have to take them to the head of the organization, as well as her boss, the General Counsel, and the head of Human Resources. Plaintiff sought clarification on whether the discussion would be about granting accommodations or firing him. Savitsky refused to clarify.

16. Thereafter, Plaintiff inquired whether his work product was satisfactory. Savitsky replied that it was not and accused Plaintiff of not knowing "basic stuff" that he should already know, though Savitsky declined to provide examples of such things. On the other hand, Sam Boyd, a white, non-disabled Senior Staff Attorney, was not chastised for not knowing basic things; rather,

3

Savitsky explained to Boyd her preference for direct responses to her comments in MS Word documents.

17.   Since disclosing his serious medical condition, Savitsky harshly criticized Plaintiff's work product in retaliation, accusing Plaintiff of plagiarizing, being deficient in intellect, and impugning his entire career.   Savitsky further chastised Plaintiff for insufficient supervision of subordinates for failing to notice a mis-categorized case in an outline that Savitsky had also previously reviewed. Savitsky formally documented her plagiarism and insufficient supervision allegations against Plaintiff, thus memorializing her targeting efforts in order to retaliate against him.  However, Will Bardwell, a white, non-disabled Senior Staff Attorney, was admonished for his treatment of staff and sent to sensitivity and management training.

18.   On or about May 1, 2018, Plaintiff wrote to the head of HR about this treatment and asked to meet with her.  When they met, she stated the best she could do was offer a 1-month severance package.  Plaintiff declined.

19.   Savitsky continuously refused to permit Plaintiff to hire staff even if a person had completed the vetting process.

20.   On May 17, 2018, Plaintiff was wrongfully terminated as an act of retaliation for reporting the race and disability discrimination.

21.   Shortly thereafter, during conversation with his former colleagues, Savitsky alleged that Plaintiff was fired because he sexually harassed her.  Savitsky made this statement with reckless disregard for its falsity in an effort to damage Plaintiff's reputation within the community.

22.   As a result of Defendant's discriminatory conduct and wrongful termination, Plaintiff had difficulty finding employment and reluctantly cashed in his retirement for living expenses.

23.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

24.     Paragraphs 1-23 are realleged and incorporated herein by reference.

25.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

26.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

27.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

28.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

29.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

30.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

31.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

32.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## <u>COUNT II</u>
## DISABILITY DISCRIMINATION

33.    Paragraphs 1-23 are realleged and incorporated herein by reference.

34.    This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

35.    Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability.  During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

36.    Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant.  Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

37.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

38.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination.

39.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or his record of having an impairment under Chapter 760, Florida Statutes.

40.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## COUNT III
## RETALIATION

41.     Paragraphs 1 through 23 are realleged and incorporated herein by reference.

42.     Defendant is an employer as that term is used under the applicable statutes referenced above.

43.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

44.     The foregoing unlawful actions by Defendant were purposeful.

7

45.    Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

46.    Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

47.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

**COUNT IV**
**DEFAMATION**

48.    Paragraphs 1 through 23 are re-alleged and are incorporated herein by reference.

49.    This is an action against Defendant SPLC for defamation for the statement made by Savitsky to SPLC staff, as detailed, in part, above.

50.    Defendant, through its actions, published, caused to be published, or allowed to be published false statements about Plaintiff to third parties, as set forth in part above.

51.    These statements made by Defendant were malicious and intended to harm Plaintiff. Alternatively, Defendant was negligent in publishing these statements, and/or published these statements with knowledge that they were false and/or published these statements with reckless disregard as to the statements' falsity.

52.    The statements referred to above did harm Plaintiff's reputation in the community, subjected Plaintiff to distrust, ridicule, contempt or disgrace or tended to injure

8

Plaintiff and/or Plaintiff in their trade or profession. These statements deter others from associating with Plaintiff and are actionable on their face. The communications made by Defendant imputed to Plaintiff conduct, characteristics, and a condition incompatible with the exercise of Plaintiff's lawful business, trade, profession and office. Alternatively, Defendant engaged in slander per quod and Plaintiff is entitled to damages as a consequence thereof.

53.   Defendant did not publish these statements in good faith.

54.   As a result of the falsity of the statements made by this Defendant set forth above, and the publication thereof, Plaintiff has suffered damages which include, without limitation, special and general damages.  Defendant engaged in slander per se which is actionable on its face and general damages are presumed.  Alternatively, Defendant engaged in slander per quod and Plaintiff is entitled to damages as a consequence thereof.  The communications made by this Defendant imputed to Plaintiff conduct characteristics and a condition incompatible with the exercise of his lawful business, trade, profession and office.  These statements which have been made by this Defendant regarding Plaintiff attribute conduct and characteristics to Plaintiff which in effect brands him as someone who is mentally unstable and/or is incompetent to do their job, which is incompatible with his functioning as a member of the legal community and occupation.  Few good, decent or honorable people want to have business relationships with a person who is mentally unstable or have such a person with the qualities attributed to him by Defendant serving them in a personal or professional capacity.

55.   As a result of the defamatory statements, Plaintiff has suffered extreme humiliation, embarrassment, and mental anguish, pain and suffering, inconvenience, loss of consortium, lost capacity for enjoyment of life, loss of business and profits, loss of reputation, good standing in the community and other tangible and intangible damages. These damages have

9

occurred in the past, present and are reasonably expected to continue into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff including reinstatement;

(c)    enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendants for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding costs;

(f)    award Plaintiff interest and punitive damages; and

(g)    grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 27th day of April 2020.

10

Respectfully submitted,


s/  Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
marie@mattoxlaw.com
Secondary emails:
michelle2@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

11

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA**

DWIGHT SLATER,

**CASE NO.: 20-CA-**    2020 CA 000809
**FLA. BAR NO.: 0739685**

        **Plaintiff,**

v.

SOUTHERN POVERTY LAW CENTER, INC.

# SUMMONS

        **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **SOUTHERN POVERTY LAW CENTER, INC**
    **C/O BUSINESS FILINGS INCORPORATED – REGISTERED AGENT**
    **1200 South Pine Island Road**
    **Plantation, FL 33324**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, Florida 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2020.

                             CLERK OF THE CIRCUIT COURT

By:_____    04/27/2020
Deputy Clerk



# LEON COUNTY Receipt of Transaction
## Receipt #    1508610

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A. Mattox
203 North Gadsden Street
Tallahassee, FL  32301

**On Behalf Of:**

,

On: 4/27/2020  12:49:52PM
Transaction # 100767203
Cashiered by: L WILLIAMS

CaseNumber   2020 CA 000809

**Judge   ANGELA C DEMPSEY**

**DWIGHT SLATER   VS   SOUTHERN POVERTY LAW CENTER INC**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| Total: | 410.00 | 0.00 | 0.00 | 410.00 | 410.00 | 0.00 |
| Grand Total: | 410.00 | 0.00 | 0.00 | 410.00 | 410.00 | 0.00 |

PAYMENTS

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 106709694 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | Payments Total: | | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |

Page 1 of 1

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA.

CASE NO. 2020 CA 809
CIVIL DIVISION

DWIGHT SLATER,
      Plaintiff,

vs.

SOUTHERN POVERTY LAW CENTER, INC.,
      Defendant.

_____/

## NOTICE OF DISCLOSURE

THIS CAUSE, being before this Court sua sponte, the Court hereby discloses the following:

1)     Marie Mattox is on the undersigned's campaign committee which consists of over 100 attorneys in the Second Circuit.

2)     The Court believes this disclosure is required by Canon 3E(1) of the Code of Judicial Conduct and Judicial Ethics Advisory Committee opinion 2013-19.

This notice was provided on this ⎿6⏌ day of June 2020.

                                      _____
                                        Angela C. Dempsey
                                        Circuit Judge

Copies provide to:
Marie Mattox, Attorney for Plaintiff
Southern Poverty Law Center, Inc., 106 E. College Ave., Tallahassee, FL 32301

Case 4:20-cv-00436-WS-MAF   Document 1-1   Filed 09/08/20   Page 19 of 23

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

DWIGHT SLATER,

        Plaintiff,

v.

SOUTHERN POVERTY LAW CENTER, INC.

        Defendant.

_____/

CASE NO.: 20-CA-809
FLA. BAR NO.: 539211

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

The undersigned, Jim Garrity, now appears as chief and lead counsel of record for Plaintiff.

Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), hereby designates his primary

and secondary e-mail addresses and requests that order, process, pleadings, and other documents

filed and served in this matter be served on him at the following Primary and Secondary e-mail

addresses listed below. Where service of hard copies is to be made in addition to the e-mail service,

counsel requests that the copies be served on him at the physical address listed below.

Primary E-Mail Address:     jim@JimGarrityLaw.com

Secondary E-Mail Address:  Elizabeth@mattoxlaw.com

Respectfully submitted

 /s/    Jim Garrity
Jim Garrity (FBN: 539211)
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL   32301
Telephone:   (850) 383-4800
Jim@JimGarrityLaw.com
Elizabeth@mattoxlaw.com

ˇ1ˇ



FILED

2020 JUN 29 AM 10: 41

CLERK & COMPTROLLER
LEON COUNTY. FLORIDA

2020 CA 000809

U.S. POSTAGE >> PITNEY BOWES

ZIP 32301  $ 000.50⁰
02 4W
0000351239 JUN. 16. 2020

NIXIE         322   FE 1        0006/24/20
RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD
BC: 32301161639    *0238-02400-24-25
ANK

Southern Poverty Law Center, Inc.
106 E. College Ave.
Tallahassee, FL  32301

32301$7748 C004

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR LEON
COUNTY, FLORIDA.

CASE NO. 2020 CA 809
CIVIL DIVISION

DWIGHT SLATER,
     Plaintiff,

vs.

SOUTHERN POVERTY LAW CENTER, INC.,
     Defendant.

_____/

### NOTICE OF DISCLOSURE

THIS CAUSE, being before this Court sua sponte, the Court hereby discloses the following:

1)     Marie Mattox is on the undersigned's campaign committee which consists of over 100 attorneys in the Second Circuit.

2)     The Court believes this disclosure is required by Canon 3E(1) of the Code of Judicial Conduct and Judicial Ethics Advisory Committee opinion 2013-19.

This notice was provided on this ⎣⦰ day of ⟨⟨⟨⟨ 2020.

_____
Angela C. Dempsey
Circuit Judge

Copies provide to:
Marie Mattox, Attorney for Plaintiff
Southern Poverty Law Center, Inc., 106 E. College Ave., Tallahassee, FL 32301

CASE #2020 CA 000809

**8/10/2020**

PLAINTIFF
**DWIGHT SLATER**
VS
DEFENDANT
**SOUTHERN POVERTY LAW CENTER, INC**

ATTORNEY: MARIE A. MATTOX ESQ
FIRM: MARIE A. MATTOX P.A.

TO:   **SOUTHERN POVERTY LAW CENTER, INC**
      **C/O  BUSINESS FILLINGS INCORPORATED, INC (REGISTERED AGENT)**
      **1200 SOUTH PINE ISLAND ROAD**
      **PLANTATION FL  33324**

We, received this: **SUMMONS / COMPLAINT**  On: **8/10/2020**   At: **10:38 AM**

This process was served to the above named Corporation/Sole Proprietorship or Individual named, by delivering a true copy of the: **SUMMONS / COMPLAINT**

Type of service is:   **CORPORATE**
Accepted By: **BUSINESS FILLINGS INCORPORATED, INC (CONTACT DONNA MOCH)**  Title: **MANAGER**
On: **8/10/2020**   At: **12:00 PM**
Comments:

Affiant states upon information and belief that said person is not in the Military Service of the United States as the term defined in either the state or Federal Statues.

I certify that I am of legal age, I have no interest in the above action and I am authorized to serve this process. FS 92.525. Under penalities of perjury, I declare that I have read the forgoing (Document) and that the facts in it are true.

MARLON MCKIE
SPECIAL PROCESS SERVER # 1369
BROWARD COUNTY, FLORIDA

PROCESS AND RECOVERY SERVICES, INC
3603 MONMOUTH CT.
TALLAHASSEE FL 32308

Our Control # **22241**

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN
AND FOR LEON COUNTY, FLORIDA

DWIGHT SLATER,

       Plaintiff,

vs.

SOUTHERN POVERTY LAW CENTER, INC.
     Defendant.

_____ /

CASE NO.: 2020 CA 809

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE AND ORDER OF DISMISSAL

**THIS MATTER** came before this Court upon a review of the docket indicating that no service has been obtained on Defendant within 120 days of filing as required in Fla.R.Civ.P. 1.070(j) on the Complaint filed April 27, 2020. It is therefore

**ORDERED AND ADJUDGED** as follows:

1.    The Plaintiff shall have 30 days from the date of this order to obtain service OR within 30 days from the date of this order, the Plaintiff shall file a motion alleging facts that support a finding of good cause for this Court to allow additional time to serve Defendant.

2.    If service is not obtained within 30 days, and the docket shows no order finding good cause, the case will be dismissed without prejudice without further court order.

**DONE AND ORDERED** in Tallahassee, Florida this _31_ day of August, 2020.

Angela C. Dempsey
Circuit Judge

Copies furnished to:
Marie Mattox, Attorney for Plaintiff