**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**DWIGHT SLATER,**                    **CASE NO.: 4:20-cv-436-WS-MAF**

    **Plaintiff,**

v.

**SOUTHERN POVERTY LAW CENTER, INC.**

    **Defendant.**
_____/

**REPORT OF PARTIES' PLANNING MEETING (FORM 52) AND**
**ADDITIONAL MATTERS REQUIRED BY INITIAL SCHEDULING ORDER**

In accordance with the Initial Scheduling Order of the Court, the parties provide the following information:

1. Pursuant to Fed.R.Civ.P. 26(f) and this Court's Order on Rule 26(f) Obligations, counsel for the parties (listed below) conferred on October 30, 2020.

      Jim Garrity, Counsel for Plaintiff

      Amy R. Turci, Counsel for Defendant

2. **Pre-Discovery Disclosures**. The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) on or before December 31, 2020.

3. **Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects: All matters covered in section 5 below.

 b. All discovery commenced in time to be completed by **August 31, 2021**.

 c. Interrogatories, requests for admissions and requests for production are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

 d. Depositions - The number permitted by rule.

 e. Reports from retained experts under Rule 26(a)(2) are due:

 Plaintiff is not retaining an expert for testimony.

 From Defendant: By May 15, 2021.

 g. The parties agree that electronic records or storage devices or systems may contain discoverable information. As a result, counsel for each party shall, within ten days of execution of this agreement, direct their clients to initiate a litigation hold as to relevant sources of evidence. The litigation hold entails (a) an immediate suspension of any routine practice, policy or procedure of destroying any documents or data that are potentially relevant (including electronically stored records, such as email and instant messages); and (b) collection and preservation of such documents/data for use in the litigation.  Counsel shall advise their respective clients in writing that (a) the party is under a legal duty to preserve relevant evidence, including both paper documents and those that are stored

electronically, and that all document destruction in accordance with organizational policy must be suspended; and (b) that the litigation hold applies to information on the company's network servers, e-mail server, workstations, laptops, portable hard drives, PDAs, employee personal computers and all other storage media, such as diskettes and CDs, as well as to all file types, including e-mail, word processing documents, spreadsheets and power point presentations. Counsel shall identify the categories of documents that must be preserved and the time frame encompassed by the litigation hold, and shall explain that failure to comply with the instructions could result in discipline for the employee and the imposition of sanctions on the party. This memorandum shall be provided to Plaintiff and, in the case of Defendant, to each person likely to have possession, custody, or control of any such record or a role in purging of such records.

    g. Supplements are due within a reasonable time after discovering the need to supplement and in accordance with Rule 26(e).

4. **Other Items**.

    a. The parties do not request a conference with the Court before entry of the Scheduling Order.

b. The parties request a Pretrial Conference consistent with the Court's wishes.

c. Plaintiff shall be allowed until December 31, 2020 to move to amend to join additional parties and to amend the pleadings.

d. All potentially dispositive motions should be filed in accordance with this Court's procedures.

e. Settlement may be enhanced by the use of the following alternative dispute resolution procedures: Mediation may be attempted by the parties after the substantial completion of discovery.

f. Final list of witnesses and exhibits under Rule 26(a)(3) should be due in accordance with the trial scheduling order from this Court.

g. Parties should have one week after service of final list of witnesses and exhibits to list objections under Rule 26(a)(3).

h. The case should be ready for trial consistent with the Court's wishes, following a reasonable time for the Court's consideration of dispositive motions and at this time it is expected to take approximately three days, exclusive of jury selection.

i. The parties have conferred regarding magistrate judge jurisdiction.

5. **Nature and Basis of Claims and Defenses**.

The principal factual and legal issues in dispute are:

(1) Whether Plaintiff was the victim of discrimination under the applicable laws.

(2) Whether Plaintiff may establish a prima facie case.

(3) Whether Defendant's actions and inactions involving Plaintiff were for legitimate, non-discriminatory reasons.

(4) All other issues raised in Plaintiff's Complaint and Defendants Answer and Affirmative Defenses.

The parties respectfully request that these timetables and cutoff dates be approved.

Submitted this 13th day of November 2020.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ James Garrity | /s/ Amy R. Turci |
| James Garrity, Esquire | Amy R. Turci, Esq. |
| MARIE A. MATTOX, P. A. | FORD & HARRISON LLP |
| 203 North Gadsden Street | 225 Water Street, Ste 710 |
| Tallahassee, FL 32301 | Jacksonville, FL 32202 – 5118 |
| Telephone: (850) 383-4800 | Telephone: (904) 357-2004 |
| Facsimile: (850) 383-4801 Facsimile: | Facsimile: (904) 357-2001 |
| ATTORNEYS FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |

WSACTIVELLP:7837728.1